Matthew A. Barlow (#9596)
mbarlow@wnlaw.com
Brittany Frandsen (#16051)
bfrandsen@wnlaw.com
WORKMAN NYDEGGER
60 E. South Temple, Suite 1000
Salt Lake City, Utah 84111
Tel. 801-533-9800

*Attorneys for Plaintiff*
*IFIT INC.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| IFIT INC., a Delaware corporation <br><br> Plaintiff, <br><br> v. <br><br> FIIT LIMITED, a United Kingdom private limited company, <br><br> Defendant. | Civil Action No.: 1:23-cv-00077-BSJ <br><br> **COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff iFIT Inc. (hereinafter, "iFIT" or "Plaintiff"), by and through its undersigned counsel, hereby complains and alleges against Defendant FiiT Limited (hereinafter, "FiiT" or "Defendant"), as follows:

### THE PARTIES

1.      Plaintiff is a Delaware corporation with a principal place of business at 1500 South 1000 West, Logan, Utah 84321.

2.      Upon information and belief, Defendant is a United Kingdom private limited company with a principal place of business at 14 East Bay Lane, the Press Centre, Queen

- 1 -

Elizabeth Olympic Park, London, United Kingdom, E15 2GW. Upon information and belief, Defendant transacts business in Utah, including in this district.

**NATURE OF THE CLAIMS**

3.      This is an action for trademark infringement, unfair competition, and false designation of origin, arising under Section 43 of the Trademark Act of 1946 ("Lanham Act"), as amended, 15 U.S.C. § 1051 *et seq.*; violations of Utah Code § 13-11a-1 *et seq.*; and unfair competition under Utah law.

**JURISDICTION AND VENUE**

4.      This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. § 1338 in that this case arises under the Lanham Act, 15 U.S.C. § 1051 *et seq*.

5.      This Court has subject matter jurisdiction over the unfair competition claims herein under the provisions of 28 U.S.C. § 1338(b) in that said claims are joined with a substantial and related claim under the Lanham Act, 15 U.S.C. § 1051 *et seq*.

6.      This Court has supplemental jurisdiction over the claims that arise under Utah law pursuant to 28 U.S.C. § 1367(a) because they are substantially related to the claims that arise under the Lanham Act of the United States. Furthermore, this Court has supplemental jurisdiction because both the state and federal claims are derived from a common nucleus of operative facts and considerations of judicial economy dictate the state and federal issues be consolidated for a single trial.

7.      This Court also has personal jurisdiction over Defendant because it has committed acts of trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1051 *et seq*, in this Judicial District, targeted iFIT in this Judicial District, and because Defendant has placed infringing products into the stream of commerce with the knowledge or understanding that such

- 2 -

products are sold in the State of Utah and in this Judicial District.  In addition, the acts by Defendant are targeted to cause commercial injury to iFIT in this Judicial District.

8.      Upon information and belief, Defendant derives substantial revenue from its sale of infringing products within this Judicial District and in the United States, expects its actions to have consequences within this Judicial District, and derives substantial revenue from interstate and international commerce directed both to and from this Judicial District.

9.      Further, this Court has personal jurisdiction under Utah's long-arm statute, Utah Code § 78B-3-201 *et seq.*, because, upon information and belief, (1) Defendant has transacted business in Utah; (2) Defendant has contracted to supply goods and services in Utah; and (3) Defendant has caused an injury in Utah through its tortious acts.

10.     Moreover, exercise of personal jurisdiction over Defendant is proper under Federal Rule of Civil Procedure 4(k)(2) as defendant is not subject to the jurisdiction of any state's court of general jurisdiction.

11.     Upon information and belief, Defendant has used the mark FIIT or colorable imitations thereof on or in connection with software, fitness training and education services, apparel, and fitness training accessories, and has introduced the same into interstate commerce within the United States, including within this judicial district.

12.     Upon information and belief, Defendant markets goods and services relating to fitness, including software, fitness training and education services, apparel, and fitness training accessories, using the mark FIIT, or colorable imitations thereof, throughout the United States and within this judicial district, by way of apps downloadable on the Google Play Store and the

Apple App store, through its websites located at fiit.tv and fiittv.us, its social media accounts, and other marketing channels.

13.    By way of example, below are screenshots taken from the app and from the FiiT website located at https://fiit.tv that show the use of the FiiT mark on an app offering streaming exercise instruction, as well as FiiT offering subscription services to the app in U.S. dollars.



14.    Upon information and belief, this Court has specific personal jurisdiction over Defendant based on Defendant's purposeful direction of Defendant's promotional and advertising activities and sales of Defendant's goods and services to residents and customers in Utah. Upon information and belief, Defendant's apps are downloadable by residents of Utah and its goods are available for purchase by residents of Utah.

15.    Upon information and belief, Defendant's use of its trademark FIIT has a direct and substantial impact on Plaintiff in the State of Utah.

16.    Furthermore, jurisdiction based on Defendant's contacts with Utah (including, but not limited to, marketing and sale of products and services) is not inconsistent with the Constitution of the State of Utah or the Constitution of the United States.

- 4 -

17.     Venue is proper in this judicial district pursuant to, at least, 28 U.S.C. § 1391 because a substantial part of the events giving rise to this action occurred within this judicial district and/or Defendant has committed acts of infringement within this judicial district, and, upon information and belief, Defendant is subject to personal jurisdiction pursuant to Utah's long-arm statute, Utah Code § 78B-3-201 *et seq.*

## BACKGROUND

18.     Plaintiff is one of the largest manufacturers of exercise and fitness equipment in the world and sells exercise, health and fitness related products and services throughout Asia, Europe, and North and South America, including throughout the United States.

19.     Plaintiff first conceived of its IFIT® and IFIT.com® marks (collectively and as defined below, the "IFIT Mark") in late 1996 or early 1997 as a means of developing, branding, and promoting additional goods and services that would complement its exercise and fitness products and provide users with additional, innovative resources to help them meet their personal exercise, health, and fitness goals.

20.     In early 1999, Plaintiff launched its revolutionary line of IFIT fitness products. Plaintiff created an online service at www.ifit.com (the "IFIT Website") that provided users with video and audio workouts led by certified personal trainers. The IFIT workouts could be downloaded from, and later streamed on, the IFIT Website.

21.     In addition, Plaintiff developed and marketed a line of IFIT branded exercise and fitness equipment, starting first with treadmills and then later adding exercise bikes and elliptical cross-trainers. These products allowed users to complete individualized IFIT audio and video

workouts using the equipment. Plaintiff also sold IFIT workout CDs and videotapes that could be used with IFIT exercise and fitness equipment.

22.     Since launching its IFIT product line in early 1999, Plaintiff has consistently marketed, promoted, and built up the brand recognition and goodwill in its IFIT Mark through the continued development and provision of innovative services and technologies provided on the IFIT Website and though Plaintiff's continued development, improvement, and nationwide marketing, promotion, and sales of IFIT products.

23.     In June 2010, Plaintiff expanded its IFIT product line to include interactive IFIT mobile apps, which allowed users to collect and store performance data from various fitness activities, display nutritional information and fitness and athletic programs and workouts, and plan, track, and monitor their fitness activities on their mobile devices.

24.     Plaintiff later launched its IFIT line of fitness bands and clips, which enabled users to record and track their daily physical activity and other data relating to their health and fitness, such as steps taken, distance traveled, calories burned, workout time, sleep patterns, and sleep time, and integrate that information with other IFIT technologies and products to allow users to track, manage, monitor, analyze, and improve their overall health, fitness, and nutrition.

25.     The functionality of the IFIT Website and IFIT mobile apps has continued to grow and has been refined over the years to provide integrated IFIT services and technologies that allow IFIT users to experience simulated fitness and exercise workouts in locations all over the world, track and analyze their workouts, select training programs, receive personal training, set personal health, fitness, and nutrition goals, and otherwise manage their activities and lifestyles.

26.     Plaintiff has expended considerable time, resources, and effort in promoting the

IFIT Mark and developing substantial goodwill associated therewith.

27.     Plaintiff has extensively marketed, promoted, and built up the brand recognition and goodwill in its IFIT Mark in many ways, including television commercials, Internet marketing, email marketing, social media initiatives, and co-op programs, which provide funds and discounts to retailers to do their own individualized advertising.

28.     In addition, IFIT branded products have been made widely available for purchase across the United States. For example, retailers such as Walmart, Sears, Academy Sports, Sports Authority, and Dick's Sporting Goods have advertised and sold IFIT branded products.

29.     Moreover, IFIT branded products are advertised and available for purchase from many of the nation's top online retailers such as Amazon.com and Walmart.com.

30.     As a result of substantial sales and advertising and promotion, the IFIT Mark has become widely and favorably known as identifying Plaintiff's goods and services and has become an intellectual property asset of considerable value to Plaintiff.

31.     The IFIT Mark is suggestive and inherently distinctive when used in connection with Plaintiff's goods and services.

32.     Among others, Plaintiff owns the following trademark registrations for the mark IFIT:

| Reg./App. No. | Mark | Goods |
|---|---|---|
| 2,466,474 (filed July 21, 1999) | IFIT.COM | IC 042 – Information and consultation services in the field of exercise equipment and personal health, fitness and nutrition by means of a global computer network. |
| 2,618,509 (filed February 11, 1999) | IFIT | IC 028 – Fitness and exercise machines; IC 041 – educational services, namely personal |

| | | |
|---|---|---|
| | | training in health and fitness. |
| 4,450,213<br>(filed December 27, 2012) | iFIT | IC 041 – Personal fitness training and consultancy including and online computer database system. |
| 4,500,591<br>(filed February 21, 2013) | IFIT | IC 042: ASP software storing and displaying personal performance data for fitness activities. |
| 4,604,633<br>(filed December 18, 2013) | IFIT | IC 009 – web-based, downloadable software for the collection and storage of personal performance fitness data. |
| 5,382,573<br>(filed May 4, 2017) | IFIT | IC 005 – Nutritional supplement in the nature of a nutrient-dense, protein-based drink mix; Powdered nutritional supplement drink mix; Protein supplement shakes for weight gain purposes. |
| 5,530,425<br>(Filed February 5, 2014) | iFIT | IC 009 - Pedometers; altimeters; scales; multifunctional electronic devices for displaying, measuring, and uploading to the Internet and computer networks information including time, date, heart rate, global positioning, direction, distance, altitude, speed, steps taken, calories burned, navigational information, weather information, temperature, wind speed, changes in heart rate, activity level, hours slept, and quality of sleep; computer software for wireless data communication for receiving, processing, transmitting and displaying information relating to fitness, body fat, body mass index, and heart rate; Electronic monitoring devices incorporating microprocessors, digital display, and accelerometers, for detecting, storing, reporting, monitoring, uploading and downloading sport, fitness training, and activity data to the Internet, and communication with personal computers, regarding time, steps taken, calories burned, distance; computer software and computer application software for mobile phones and personal digital devices that provides tips, coaching, and personalized workouts, to improve the user's fitness level |

33.   Printouts from the TESS Database of the registered IFIT Marks are attached hereto as Exhibits A–G, respectively.

34.   The federal registrations of the IFIT Mark constitutes constructive notice to Defendant and others of Plaintiff's ownership of the IFIT Mark.

**Defendant's Infringing Conduct**

35.   Upon information and belief, Defendant owns U.S. Application Serial No. 88/081,399 for the mark **FiiT** filed on August 16, 2018 under Sections 1(b) and 44(e) of the Trademark Act, 15 U.S.C. §§ 1051(a) and 1126(e) ("the '399 Application"). The '399 Application lists the following goods and services:

    a. International Class 009: "Downloadable computer software for use in providing access to fitness and workout programs and providing access to information pertaining to health, fitness, dietary and nutritional objectives and statistics; Downloadable software in the nature of a mobile application providing instructional videos and multimedia educational and entertainment content in the fields of health, fitness, dietary and nutritional objectives and statistics; downloadable software in the nature of a mobile application for accessing, receiving, storing and retrieving data relating to health, fitness, dietary and nutritional objectives and statistics; downloadable software for tracking health, fitness, dietary and nutritional objectives and statistics; downloadable software for designing, creating, maintaining and monitoring personal training programs and workout routines."

36.     Upon information and belief, Defendant owns U.S. Application Serial No. 87/664,488 for the mark **FiiT** filed on October 30, 2017 under Sections 1(b) and 44(e) of the Trademark Act, 15 U.S.C. §§ 1051(a) and 1126(e) ("the '488 Application"). The '488 Application lists the following goods and services:

a.   International Class 010: "Compression underpants, compression pants, compression t-shirts, compression socks;"

b.   International Class 025: "Clothing and sports clothing for men, women and children, namely, shirts, t-shirts, pants, jeans, coats, trousers, jogging pants, sweatpants, shorts, sports tops, hoodies, polo shirts, leggings, vests, sports bras, underwear, socks, track suits, track suit pants, track suit tops; footwear and headwear; sports footwear; training shoes; running shoes;"

c.   International Class 028: "Body training apparatus; gym balls; exercise balls; free weights for physical exercise; dumbbells for weight lifting; skipping ropes; exercise benches; exercise pulleys; exercise steppers; exercise treadmills; stationary exercise bicycles; fitness exercise machines; exercise bars; ankle and wrist weights for exercise; bags specially adapted for sports equipment; belts for weightlifting;"

d.   International Class 038: " Streaming audio and visual content via the Internet; streaming audio and visual content via the Internet in the fields of health, fitness, diet, nutrition and physical rehabilitation; providing online forums and chat rooms; providing online forums and chat rooms in the fields of health,

fitness, diet, nutrition and physical rehabilitation; internet broadcasting services;" and

e. International Class 041: "Organization of cultural shows; organizing, arranging, and conducting triathlon events, cycling events, running events, swimming events, high intensity interval athletic events and weightlifting events; providing online computer games; providing online computer games; providing online computer games in the fields of health, fitness, diet, nutrition and physical rehabilitation; organizing of games and sports competitions; conducting online computer game tournaments; organizing sporting events, namely, triathlon events, cycling events, running events, swimming events, high intensity interval athletic events and weightlifting events; organization of events for cultural purposes; entertainment services in the nature of arranging social entertainment events; production of radio and television programs; production of radio, television, and multimedia programs for streaming via the internet."

37.    Upon information and belief, Defendant owns U.S. Application Serial No.

90/333,727 for the mark **FiiT** filed on November 20, 2020 under Sections 1(b) and

44(e) of the Trademark Act, 15 U.S.C. §§ 1051(a) and 1126(e) ("the '727 Application"). The

'727 Application lists the following goods and services:

a. International Class 041: "Training services relating to health and fitness namely physical fitness training services; personal fitness training services;

provision of training in relation to sports, yoga and aerobics; training services relating to weight training, body building, aerobics, gymnastics, boxing, yoga, meditation, physical exercise, physical rehabilitation; health club services, namely, providing instruction and equipment in the field of physical exercise; provision of gym facilities; education services, namely, providing classes in the field of health and fitness; providing sports facilities; provision of swimming pool facilities and swimming instruction; providing online non-downloadable videos in the fields of fitness and exercise classes; providing online non-downloadable videos in the fields of health, fitness, diet, nutrition and physical rehabilitation; online blogs featuring information relating to health, fitness, diet and nutrition; providing online non-downloadable videos featuring fitness and exercise classes; providing information and advice relating to all the aforesaid; providing information, advice and consultancy services in the field of physical fitness;"

b. International Class 042: "Software as a service featuring software for accessing, receiving, storing and retrieving data relating to health, fitness, dietary and nutritional objectives and statistics; providing temporary use of non-downloadable software for tracking health, fitness, dietary and nutritional objectives and statistics; providing temporary use of non-downloadable software for designing, creating, maintaining and monitoring personal training programs and workout routines; providing information and advice relating to all the aforesaid;" and

- 12 -

c. International Class 044: "Providing information, advice and consultancy services in the fields of health, diet, nutrition and physical rehabilitation; providing information, advice and consultancy services in the fields of health, diet, nutrition and physical rehabilitation via the Internet."

38.     The marks set forth in the '399 Application, the '488 Application, and the '727 Application are collectively referred to herein as the "FIIT Marks."

39.     Defendant also uses the FIIT Marks in the United States in connection with a variety of goods and services relating to health and fitness, including a fitness training app and fitness training accessories.

40.     Defendant's fitness training app is available for download in the United States through the Apple App Store and the Google Play Store.

41.     Upon information and belief, Defendant's fitness training app offers streamed workouts, including cardio, strength training, treadmill, stationary bicycle, yoga, Pilates, barre, HIIT, and bodyweight workouts similar to the workouts offered through Plaintiff's IFIT app.

42.     Upon information and belief, Defendant also offers fitness accessories such as fitness trackers and yoga mats under its FIIT Marks.

43.     The FIIT Marks are similar to or likely to cause confusion with Plaintiff's IFIT Mark when used as a trademark in connection with the sale, offering for sale, distribution, advertising, and promotion of Defendant's goods and services, including software, fitness training services, apparel, and fitness training accessories.

44.     Upon information and belief, Defendant sells, distributes, advertises and markets its goods and services in connection with the FIIT Marks in a manner similar to Plaintiff.

- 13 -

45.     Defendant's use of the FIIT Marks is without Plaintiff's license, permission or authority and is likely to cause confusion, mistake, and deception among consumers and customers.

46.     Upon information and belief, Defendant uses the FIIT Marks with actual knowledge of Plaintiff's rights in and to the IFIT Mark. Notwithstanding such knowledge, Defendant has acted and continues to act with wanton disregard for Plaintiff's rights, and with the willful intent and purpose of improperly taking or benefiting from the favorable reputation and valuable goodwill Plaintiff has established in the IFIT Mark.

47.     Defendant's FIIT Marks are colorable imitations of and confusingly similar to Plaintiff's IFIT Mark.

48.     Defendant's use of the FIIT Marks in connection with Defendant's goods and services is likely to cause, to the extent it has not already caused, actual confusion, actual injury, and loss of goodwill and business to Plaintiff.

49.     Upon information and belief, Plaintiff has been damaged as a result of Defendant's actions as alleged herein.

## CAUSES OF ACTION

### COUNT I: Trademark Infringement

50.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

51.     Defendant's acts constitute infringement of Plaintiff's exclusive rights in Plaintiff's IFIT Mark in violation of the Lanham Act, specifically 15 U.S.C. § 1125, and of Plaintiff's trademark rights under Utah state and common law.

- 14 -

52.     Defendant has used in commerce a reproduction, counterfeit, copy, or colorable imitation of Plaintiff's IFIT Mark, namely the FIIT Marks, in connection with the sale, offering for sale, distribution, or advertising of Defendant's goods and services on or in connection with which such use is likely to cause confusion, to cause mistake, or to deceive.

53.     Defendant's acts of infringement have caused Plaintiff damages, and Plaintiff seeks judgment pursuant to 15 U.S.C. § 1117 for 1) Defendant's profits made by Defendant's unauthorized and infringing use of the FIIT Marks, 2) for the damages sustained by Plaintiff, 3) for all costs necessary to remediate the infringing uses and their effects, and 4) for the costs, expenses, and reasonable attorney fees (as this is an exceptional case) incurred in bringing the present action and prior attempts to remedy Defendant's actions.

54.     Plaintiff seeks an award of punitive and/or treble damages for at least three times the amount of Defendant's profits or Plaintiff's damages, whichever is greater, due to the nature of Defendant's wanton and willful conduct.

55.     Pursuant to 15 U.S.C. § 1116 and equity, Plaintiff is entitled to preliminary and permanent injunctive relief against Defendant to stop the illegal infringing conduct.

56.     Pursuant to 15 U.S.C. § 1118 and equity, Plaintiff is entitled to impoundment and destruction of infringing articles.

57.     Plaintiff is further entitled to all available remedies provided by common law, including, but not limited, to temporary and permanent injunctive relief, Defendant's profits, any damages sustained by Plaintiff, and costs.

## COUNT II: Unfair Competition/Passing Off in Violation of the Lanham Act U.S.C. § 1125(A)

58.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

59.     Defendant has used names and marks that are confusingly similar to Plaintiff's IFIT Mark with the intent to deceive the public into believing that goods and services offered or sold by Defendant are made by, approved by, sponsored by, or affiliated with Plaintiff.

60.     Defendant's acts as alleged herein were committed with the intent to pass off Defendant's goods and services as the goods and services of, approved by, sponsored by, or affiliated with Plaintiff, and with the intent to deceive and defraud the public.

61.     Defendant's acts constitute unfair competition and passing off, and have caused Plaintiff damages, including, without limitation, lost profits, harm to reputation, and costs to remediate the confusion and harm to Plaintiff's goodwill and reputation caused by Defendant.

62.     Defendant's acts constitute violations of 15 U.S.C. § 1125.  Defendant's acts of unfair competition have caused Plaintiff damages, and Plaintiff seeks judgment pursuant to 15 U.S.C. § 1117 for 1) Defendant's profits made by Defendant's unfair competition and passing off of Plaintiff's goods and services, 2) for the damages sustained by Plaintiff, 3) for all costs necessary to remediate the unfair competition and passing off and their effects, and 4) for the costs, expenses, and reasonable attorney fees (as this is an exceptional case) incurred in bringing the present action and prior attempts to remedy Defendant's actions.

63.     Plaintiff further seeks judgment for three times the amount of Defendant's profits or Plaintiff's damages, whichever is greater, due to the nature of Defendant's conduct.

64.     Pursuant to 15 U.S.C. § 1116 and equity, Plaintiff is entitled to preliminary and permanent injunctive relief against Defendant to stop the illegal infringing conduct.

65.     Pursuant to 15 U.S.C. § 1118 and equity, Plaintiff is entitled to impoundment and destruction of infringing articles.

## COUNT III:  Violations of Utah Code § 13-11a-1 *et seq*.

66.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

67.     Defendant's conduct, as alleged above, is causing and is likely to cause confusion or misunderstanding as to the source, sponsorship, affiliation, connection to or association with Plaintiff, in violation of Utah Code § 13-11a-1 *et seq.*

68.     By its conduct, Defendant has caused Plaintiff irreparable harm, damage, and injury to the value and goodwill Plaintiff has built in Plaintiff's IFIT Mark, as well as to Plaintiff's business, goodwill, and reputation.

69.     Plaintiff has given Defendant more than ten (10) days' notice of Defendant's violation of Utah Code § 13-11a-1 *et seq.*, and Defendant has not promulgated any correction notice.

70.     Upon information and belief, Defendant will continue to commit the acts complained of in this Complaint unless restrained and enjoined by this Court.

## COUNT IV:  Unfair Competition in Violation of Utah Common Law

71.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

72.     As alleged herein, Plaintiff owns Plaintiff's IFIT Mark, which are valid and legally protectable.

73.     Defendant's infringing use of Defendant's FIIT Marks is likely to cause confusion concerning the origin of the goods and services associated with the marks.

74.     As alleged herein, Defendant's conduct is likely to cause, if it has not already, customer confusion in violation of Utah common law.

75.     Defendant's foregoing acts constitute unfair competition and infringement of Plaintiff's registered and common law rights for which Plaintiff has no adequate remedy at law.

76.     Defendant's acts of unfair competition have caused Plaintiff damages, and Plaintiff seeks judgment for   1) Defendant's profits made by Defendant's unfair competition and/or passing off of Plaintiff's goods and services, 2) for the damages sustained by Plaintiff, 3) for all costs necessary to remediate the unfair competition and passing off and their effects, and 4) for the costs incurred in bringing the present action and prior attempts to remedy Defendant's actions.

77.     Plaintiff further seeks judgment for punitive damages of at least three times the amount of Defendant's profits or Plaintiff's damages, whichever is greater, due to the nature of Defendant's conduct.

78.     Further, Plaintiff is entitled to preliminary and permanent injunctive relief against Defendant to stop the illegal conduct.

## ENTITLEMENT TO INJUNCTIVE RELIEF

79.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

80.     By reason of Defendant's acts alleged herein, Plaintiff has and will suffer immeasurable, and thus irreparable, damage to its business, reputation, and goodwill.

81.     Upon information and belief, Defendant intends to continue to do the acts complained of herein unless restrained and enjoined.

82.     Plaintiff's remedy at law is inadequate.

83.     Plaintiff is entitled to a preliminary and permanent injunction prohibiting Defendant and its affiliates, agents, servants, and employees, and anyone acting with its authority

- 18 -

or on its behalf, from directly or indirectly using any mark, word, name, or domain name similar to Plaintiff's IFIT Mark, which is likely to cause confusion or mistake or to deceive.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

A.    The Court enter a judgment in favor of Plaintiff and against Defendant as to all causes of action alleged herein;

B.    That this Court issue preliminary and permanent injunctions pursuant to 15 U.S.C. § 1116, Utah law, and equity, enjoining and restraining Defendant and its affiliates, agents, partners, servants, and employees, or anyone acting with its authority or on its behalf, from directly or indirectly using any mark, word, designation, name, or domain name similar to Plaintiff's IFIT Mark that is likely to cause confusion or mistake or to deceive;

C.    That, within five (5) days of issuance of preliminary and/or permanent injunctions, the Court order Defendant to file a sworn statement under oath and subject to penalty of perjury that it has fully complied with the terms of the injunctions;

D.    That this Court, pursuant to 15 U.S.C. § 1118 and equity, order that all labels, signs, prints, packages, wrappers, receptacles, pictures, websites, advertisements, and articles, both in print and other media, in the possession or under the control of Defendant bearing any mark, word, designation, name, or domain name that is confusingly similar to Plaintiff's IFIT Mark and all plates, molds, matrices, and other means of making the same, shall be delivered to Plaintiff and destroyed;

- 19 -

E.     That Defendant be required to account to Plaintiff for any and all benefits or profits derived by Defendant from the use of any name or mark incorporating any mark, word, designation, name, or domain name that is confusingly similar to Plaintiff's IFIT Mark, including the sale of any and all products or services associated with any such name or mark, and for all damages sustained by Plaintiff by reason of said acts of unfair competition, false designation of origin, and/or other illegal acts complained of herein to the full extent permitted by 15 U.S.C. §§ 1117 and 1125; Utah Code § 13-11a-1 *et seq.*; and Utah common law;

F.     That this Court award Plaintiff punitive and/or treble damages in an amount no less than three times the amount of Defendant's profits or Plaintiff's damages, whichever is greater, due to the wanton, egregious, willful, deliberate, intentional, and/or malicious nature of its actions;

G.     That the costs of this action be awarded to Plaintiff;

H.     That Plaintiff be awarded its reasonable attorney fees due to the exceptional nature of this case and Defendant's intentional, wanton and willful illegal conduct;

I.     That Defendant be liable for any award of monetary damages, statutory damages, treble damages, punitive damages, costs, and/or attorney fees;

J.     That pre-judgment and post-judgment interest be awarded to Plaintiff; and

K.     That this Court grant such other and further relief as it shall deem just.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

- 20 -

DATED this 26th day of June, 2023.

Respectfully submitted,

/s/ Matthew A. Barlow
Matthew A. Barlow
Brittany Frandsen
WORKMAN NYDEGGER
60 East South Temple, Suite 1000
Salt Lake City, Utah 84111
Telephone: (801) 533-9800
Facsimile: (801) 328-1707

Attorneys for Plaintiff
IFIT INC.

12703837v1