IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| IFIT INC., a Delaware corporation<br><br>Plaintiff,<br><br>v.<br><br>FIIT LIMITED, a United Kingdom private limited company,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S [17] MOTION FOR ALTERNATIVE SERVICE UNDER RULE 4(f)(3)<br><br>Case No. 1:23-cv-00077-JNP-CMR<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Cecilia M. Romero |

Before the court is Plaintiff IFIT INC.'s (Plaintiff) ex parte Motion for Alternative Service (Motion) (ECF 17). Plaintiff's Motion also requests an Extension of Time to Serve Complaint (*id.*). Plaintiff seeks to serve Defendant FIIT LIMITED (Defendant) through counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). As set forth below, the court GRANTS the Motion.

## BACKGROUND

This is a trademark infringement action against Defendant for alleged unfair competition and false designation of origin of Plaintiff's registered trademarks to sell, advertise, and distribute goods and services (ECF 2 at 13). Plaintiff alleges trademark infringement on the basis that Defendant's actions are likely to cause product confusion, mistake, and deception (*id.* at 14). Based on the information available to Plaintiff, Defendant is a United Kingdom company (*id.* at 1–2). Plaintiff hired a process server in the United Kingdom and attempted to issue a summons at Defendant's registered place of business, but the documents could not be served because "the property is closed every day, there is no letterbox and the security guards outside the building do not allow to affix documents on the property" (ECF 17 at 3). Plaintiff further asserts that they are

unable to access Defendant's physical location (*id.* at 6). In light of these circumstances, Plaintiff requests the court to permit Plaintiff to serve Defendant via U.S. counsel who was retained in an adjacent proceeding before the Trademark Trial and Appeal Board (TTAB) (*id.* at 4–5).

Both the United Kingdom and the United States are signatories to the Hague Service Convention. *See Status Table*, Hague Conference on Private International Law (HCCH), https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited June 17, 2024). In support of the Motion, Plaintiff argues that while the Hague Convention applies, the court has discretion to allow service by alternative means when service under the Hague Convention is not possible (ECF 17 at 3). Plaintiff also asserts that service through Defendant's U.S. counsel is a method of service which comports with due process because it is reasonably calculated to apprise Defendant of the pendency of this action and affords them an opportunity to present their objections (*id.* at 5). Because of Plaintiff's communication with opposing counsel before the TTAB, Plaintiff contends that Defendant has actual notice of the pending lawsuit and requests that Plaintiff's Motion be granted (*id.* at 5–6).

## LEGAL STANDARDS

The purpose of the Hague Service Convention is to "simplify, standardize, and generally improve the process of serving documents abroad." *Compania de Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.*, 970 F.3d 1269, 1293 (10th Cir. 2020) (quoting *Water Splash, Inc. v. Menon*, 581 U.S. 271, 273 (2017)). "'[P]rovided the State of destination does not object,' the [Hague Service] Convention 'shall not interfere' with 'the freedom to send judicial documents, by postal channels, directly to persons abroad,' or with the freedom of certain individuals 'to effect service of judicial documents directly' through 'judicial officers, officials or other competent persons in the State of destination.'" *Id.* (quoting 20 U.S.T. 361, art. 10(a)–(c)).

Evaluating alternative service under the Hague Service Convention requires the court to examine Federal Rule of Civil Procedure Rule 4. *Id.* Fed. R. Civ. P. 4(h)(2) states that foreign corporations may be served "in any manner prescribed by Rule 4(f) for serving an individual." Fed. R. Civ. P. 4(h)(2). Unless there is an internationally agreed means of service, an individual in a foreign country may be served under either Rule 4(f)(2) or 4(f)(3). Fed. R. Civ. P. 4(f). Subsection (f)(2) permits alternative service when it is "reasonably calculated to give notice" through legally prescribed methods such as the foreign country's service laws or other methods not prohibited by the country. Fed. R. Civ. P. 4(f)(2). Subsection (f)(3) permits service on an individual in a foreign country "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3).

Courts have concluded that Rule 4(f) does not create a hierarchy of preferred methods of service, and parties are not required to comply with Rule 4(f)(1) or (2) before seeking service under Rule 4(f)(3). *Love-Less Ash Co., Inc. v. Asia P. Constr., LLC*, No. 2:18-CV-00595-CW-DAO, 2021 WL 3679971, at *2 (D. Utah Aug. 19, 2021) (citing *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)). Service under Rule 4(f)(3) has two requirements: (1) it "must comport with constitutional notions of due process," and (2) "must not be prohibited by international agreement." *Rio Properties*, 284 F.3d at 1015; *see also Love-Less Ash Co.*, 2021 WL 3679971, at *2 (finding that under Rule 4(f)(3), the relevant inquiry is whether the "method of service is 'prohibited' by international agreement, including the Hague Convention" (citing *Compañía De Inversiones Mercantiles,* 970 F.3d at 1294)). Regarding the first requirement for service under Rule 4(f)(3), the Supreme Court holds that due process requires service of process that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Ultimately, the decision to order

service of process under Rule 4(f)(3) is "committed to the sound discretion of the district court." *Stream SICAV v. Wang*, 989 F. Supp. 2d 264, 278 (S.D.N.Y. 2013) (quoting *United States v. Lebanese Canadian Bank*, 285 F.R.D. 262, 266 (S.D.N.Y. 2012)).

## DISCUSSION

Plaintiff asks the court to permit alternative service of the complaint and summons to Defendant's counsel (ECF 17 at 2). Courts have previously determined that service of process by mail to Defendant's counsel can meet constitutional due process requirements. *See, e.g.*, *Compañía de Inversiones Mercantiles*, 970 F.3d at 1295–96 (collecting cases). To satisfy due process requirements for alternative service via counsel, the court requires "sufficient information concerning [the individual's] relationship with [his/her] counsel," *Carrillo v. Black Diamond Equip., Ltd.*, No. 23-CV-115-S, 2023 WL 5312089, at *3 (D. Wyo. July 25, 2023), which demonstrates "adequate communication between the individual and the attorney," *Schmitz v. Diao Duoyuan Printing, Inc.*, No. 11-CV-157-S, 2013 WL 12161450, at *4 (D. Wyo. May 13, 2013) (quoting *Prediction Co. LLC v. Rajgarhia*, 2010 WL 1050307, at *2 (S.D.N.Y. Mar. 22, 2010)).

Here, as alleged in Plaintiff's Motion, service cannot be properly effectuated at Defendant's place of business because the property is closed every day and documents cannot be affixed to the property (ECF 17 at 3). Thus, service via Defendant's counsel is the next readily available and effective way to notify Defendant of the pendency of the action. In *Hansen v. Weller*, the court allowed alternative service to Defendant's counsel's email because counsel was currently representing Defendant, demonstrating adequate communication between the two. No. 2:19-CV-1004-HCN-CMR, 2021 WL 1222146, at *2 (D. Utah Apr. 1, 2021); *see also Beijing QIYI Century Sci. & Tech. Co., Ltd. v. Shenzhen QiYi Innovations Tech. Co.*, No. 18-CV-02360-RM-STV, 2018 WL 6589806, at *4 (D. Colo. Dec. 13, 2018) (allowing alternative service when Plaintiff proposed "to serve Defendant through their U.S. counsel in the TTAB Proceeding, who is actively involved

4

in the representation of Defendant in that proceeding and thus seemingly in contact with Defendant"). Here, Plaintiff is in a separate TTAB proceeding against Defendant and has been in communication with Defendant's current U.S. counsel (ECF 17 at 5). Thus, there is sufficient showing that service to Defendant's counsel is reasonably calculated to apprise Defendant of the pendency of the action and afford it the opportunity to present objections.

Service via Defendant's counsel also satisfies the second requirement for service under Rule 4(f)(3) because this mode of service is not prohibited by international agreements. Courts have held that the Hague Convention does not expressly prohibit service to counsel. *Compañía de Inversiones Mercantiles,* 970 F.3d at 1294. In regard to alternative service, the United Kingdom has stated that their reservations on Article 10 of the Hague Service Convention "do[] not preclude any person in another Contracting State who is interested in a judicial proceeding (including his lawyer) from effecting service in the United Kingdom 'directly' through a competent person other than a judicial officer or official." *Declaration/Reservation/Notification*, HCCH, https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=427&disp=resdn (last visited June 17, 2024). Further, courts have held that service by email to Defendant's counsel complies with Rule 4(f)(3). *See, e.g.*, *Carrillo*, 2023 WL 5312089, at *3 (concluding that "Plaintiffs may serve Defendants' counsel by email and regular mail"); *Hansen*, 2021 WL 1222146, at *2 (finding that "alternative service by email to the attorneys of record in the Utah State Case docket for Remaining Defendants is permitted"); *Bowery v. Best Little Sites*, No. 2:21-CV-00567-JNP-JCB, 2022 WL 1751595, at *2 (D. Utah Mar. 24, 2022) ("[A]lternate service via email to [Defendants], coupled with simultaneous service on their counsel, satisfies these [Rule] requirements.") For these reasons, the court finds that service on Defendant's counsel as requested by Plaintiff in addition to service to Defendant's counsel's email comports with the requirements for due process and permissible service under Rule 4(f)(3).

**CONCLUSION AND ORDER**

Having considered the Motion, and for good cause appearing, IT IS HEREBY ORDERED:

(A)   The Motion is GRANTED.

(B)   Plaintiff shall have seven days from the date of this order to complete service on Defendant.

(C)   Plaintiff may effect service of its complaint on Defendant by sending the complaint to Defendant's United States counsel of record, Christopher Serbagi, at christopher@serbagilaw.com and 488 Madison Ave., 11th Floor, New York, NY 10022.

(D)   Service of the summons and complaint will be complete once Plaintiff receives confirmation that the summons and complaint has been sent to Defendant's counsel.

(E)   Plaintiff shall file a declaration or proof of service once service is complete.

 IT IS SO ORDERED.

DATED this 17 June 2024.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah