IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| IFIT INC., a Delaware corporation,<br><br>                Plaintiff,<br><br>v.<br><br>FIIT LIMITED, a United Kingdom private limited company,<br><br>                Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT**<br><br>Case No. 1:23-cv-00077<br><br>District Judge Jill N. Parrish |

Before the court is a Motion to Set Aside Entry of Default filed by Defendant FiiT Limited ("FiiT" or "Defendant"). ECF No. 25. The Clerk of Court entered a default against Defendant, ECF No. 23, in response to a Motion for Entry of Default filed by Plaintiff iFiT ("iFiT" or "Plaintiff"). ECF No. 21. For the reasons set forth herein, Defendant's motion is GRANTED.

## BACKGROUND

Plaintiff and Defendant are competitors in the health and fitness industry. The two companies provide subscription-based workout apps to customers. Defendant is a British corporation, primarily operating in Europe, although some followers in the United States have subscribed to its services. Plaintiff is an American company, incorporated in Delaware, and primarily sells its app to American consumers.

In 2017, 2018, and 2020, Defendant filed trademark applications for its services, which were eventually published by the U.S. Patent and Trademark Office. Plaintiff filed oppositions to these trademarks. In June of 2023, Plaintiff commenced this action, alleging trademark

infringement and unfair competition. As a result of the pending litigation in this court, the Trademark Trial and Appeal Board stayed the opposition proceedings before it.

After filing its complaint, Plaintiff failed to serve Defendant at its offices in London. Last April, Plaintiff moved for alternative service on Defendant's American counsel, Christopher Serbagi. The court granted Plaintiff's motion, and Serbagi was served on behalf of Defendant on June 25.

After being served, Serbagi, an attorney practicing in New York, contacted counsel for Plaintiff to request a 90-day extension to obtain local counsel in Utah. Plaintiff responded that it was only willing to grant a 30-day extension. Prior to the end of the 30-day extension, Serbagi reached out to Plaintiff's counsel two more times, but Plaintiff's counsel did not respond.

On August 15, Defendant obtained local counsel, Randall B. Bateman, who promptly called Plaintiff's counsel to request an extension to review documents and prepare a response. At this point, Defendant had missed the 30-day extended deadline. Plaintiff's counsel did not respond to Bateman and instead filed a Motion for Entry of Default. ECF No. 21 ("Pl.'s Mot. Default"). On August 20, the Clerk of the Court entered a default against Defendant. ECF No. 23. Three days later, Defendant filed a Motion to Set Aside Entry of Default. ECF No. 25 ("Def.'s Mot."). Defendant also responded in opposition to Plaintiff's Motion for Entry of Default. ECF No. 26 ("Def.'s Opp. Default").

Defendant argues that it has shown good cause for setting aside the entry of default. Serbagi worked diligently to find local counsel in Utah and communicated the difficulties he was having in doing so to Plaintiff. Defendant further claims that it has a meritorious defense, and that Plaintiff will not be prejudiced if the default is set aside. Plaintiff responds that Defendant knowingly missed its answer deadline and failed to adequately present a meritorious defense in

its Motion. Plaintiff alleges that, after it poured considerable time and expense into serving Defendant and obtaining an entry of default, Defendant "made no effort to participate in the litigation until default was entered." ECF No. 27 ("Pl.'s Opp.") at 7.

## DISCUSSION

### I.    LEGAL STANDARD

Federal Rule of Civil Procedure 55(c) provides that a court may set aside an entry of default for good cause. FED. R. CIV. P. 55(c). In deciding whether good cause exists, the court may consider (1) whether the default was willful or the result of culpable conduct on behalf of the defendant; (2) whether setting aside the default would prejudice the plaintiff; and (3) whether the defendant presents a meritorious defense. *See Guttman v. Silverberg*, 167 Fed. Appx. 1, 4 (10th Cir. 2005); *see also Hunt v. Ford Motor Co.*, 65 F.3d 178, 1995 WL 523646, at *3 (10th Cir. 1995) (table case). Furthermore, "[t]he preferred disposition of any case is upon its merits and not by default judgment." *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970).

### II.    FACTORS IN DECIDING WHETHER TO SET ASIDE AN ENTRY OF DEFAULT

The court considers each of the aforementioned factors in turn and finds that all weigh in favor of Defendant. Defendant did not engage in culpable conduct and actively sought local counsel in Utah as soon as it was properly served. Plaintiff will not be prejudiced if the court sets aside the entry of default and Defendant has alleged sufficient facts to show a meritorious defense. Finally, the judicial preference for disposing of a case based upon its merits rather than by a default judgment compels the court to set aside the entry of default.

#### A.    Defendant's Willful or Culpable Conduct

The court first considers the culpability of Defendant's conduct in the entry of default. "Generally, a defendant's conduct is considered culpable if he has defaulted willfully or has no

excuse for the default." *Hunt*, 65 F.3d 178, 1995 WL 523646, at \*3. As has been noted, this prong favors setting aside the entry of default.

Plaintiff alleges that Defendant knowingly missed the answer deadline despite being aware of the litigation since September of 2023. Defendant did not obtain local counsel until the extended deadline had already passed. Plaintiff thus concludes that "Defendant's failure to answer or otherwise respond to the complaint after receiving actual notice of the complaint demonstrated a willful disregard for the court." *Id.* at \*12.

However, unlike the defendants in *Hunt*, Defendant actively attempted to participate in the litigation after being properly served. The importance of valid service should not be overlooked. The Tenth Circuit has reiterated that "personal service under Rule 4 serves two purposes: notifying a defendant of the commencement of an action against him and providing a ritual that marks the court's assertion of jurisdiction over the lawsuit." *Price v. Cochran*, 66 Fed. Appx. 781 (10th Cir. 2003) (quoting *Okla. Radio Assocs. V. FDIC*, 969 F.2d 940, 943 (10th Cir. 1992)). Thus, service functions as Defendant's official notification of the action against it. Even if Defendant knew of the litigation, it was not improper or unreasonable for Defendant to wait to seek local counsel until after it had been properly served.

After being served, Serbagi, who primarily practices in New York, reached out to find local counsel in Utah to file a response to Plaintiff's complaint. In his affidavit, Serbagi attested that he had spoken with several firms in Utah, but the process of clearing conflicts took time. ECF No. 25-1 ("Serbagi Decl."). Serbagi did not secure representation in Utah until August 15. Nothing in the facts suggests Defendant acted in bad faith or that its difficulty in obtaining local counsel was pretextual. Plaintiff claims that Defendant never filed a request for extension with the court, but without an attorney licensed to practice in Utah, this would not have been possible.

B.      **Prejudice to Plaintiff if the Court Sets Aside the Default**

The second consideration in deciding whether to set aside the entry of default, prejudice to Plaintiff if the default is set aside, favors granting Defendant's motion. Plaintiff makes no argument that setting aside an entry of default would prejudice it. Conversely, Defendant argues that Plaintiff will not be prejudiced because, as a result of proceedings before the Trademark Trial and Appeal Board, it is aware of Defendant's position and its intent to defend itself against Plaintiff's infringement claims. The court agrees. Furthermore, in the context of the entire dispute, Plaintiff has only suffered a minor delay due to Defendant's failure to file a response by the deadline. In fact, Plaintiff has increased the delay by seeking an entry of default knowing that Defendant was working to obtain local counsel. The court thus finds that the second prong weighs in favor of setting aside the entry of default.

C.      **The Existence of a Meritorious Defense**

Finally, the court must consider whether Defendant has set forth a meritorious defense. "The parties do not litigate the truth of the claimed defense in the motion hearing." *In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978). Instead, the court must consider whether Defendant's "version of the factual circumstance surrounding the dispute, if true, would constitute a defense to the action." *Id.*

Plaintiff brings four causes of action, alleging trademark infringement and unfair competition in violation of both state and federal law. In its motion, Defendant claims that it filed three trademark applications for its services and that "[t]he applications were found to be sufficiently distinct from other registrations and were published by the U.S. Patent and Trademark Office." Def.'s Mot. at 2. Defendant further argues that the fact that all trademark applications filed with the U.S. Patent and Trademark Office were advanced to publication demonstrates that its marks did not create a likelihood of confusion with other registered marks.

Taking these factual circumstances as true, the court finds Defendant has alleged sufficient facts to assert a meritorious defense to Plaintiff's claims. Therefore, this factor cuts in favor of setting aside the entry of default.

*          *          *

In sum, the court will set aside the Clerk of Court's entry of default against Defendant. The court has found good cause to do so because Defendant did not willfully cause the default, Plaintiff will not be prejudiced by setting aside the default, and Defendant has presented a meritorious defense. The factors strongly favor granting Defendant's motion, and the court's preference for resolving cases on the merits necessitates setting aside the entry of default.

**CONCLUSION AND ORDER**

For the foregoing reasons, the court hereby GRANTS Defendant's Motion to Set Aside Entry of Default. ECF No. 25. Defendant shall have twenty-one days to file an answer to Plaintiff's complaint.

Signed November 14, 2024

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge